| | | |
|---|---|---|
| JEAN RHODES, | ) | |
| | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| BLUE RIDGE HEALTHCARE SYSTEMS, | ) | |
| INC.; LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA; and CIGNA | ) | |
| CORPORATION, | ) | |
| | ) | |
|        **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant Life Insurance Company of North America's ("LINA") Partial Motion to Dismiss (#17) and defendant CIGNA Corporation's Motion to Dismiss Pursuant to Rule of Civil Procedure 12(b)(2) (#19). Both motions were filed on December 9, 2005, making responses due to be filed not later than December 26, 2005.

On January 17, 2006, plaintiff filed a Response to CIGNA's Motion to Dismiss. Plaintiff, who is represented by counsel, failed to seek leave of court to file such response out of time or shown "excusable neglect" in accordance with Rule 6(b), Federal Rules of Civil Procedure. Such untimely response will not be considered. The undersigned notes that the pending motions were taken under advisement on or about January 4, 2006, and that this Memorandum and Recommendation was all but complete when plaintiff filed the instant response out of time and without leave. Without a response, the court considers such motions to be uncontested and will recommend that the relief sought therein be summarily granted. The undersigned will conduct an abbreviated review of the substance of each motion in light of the lack of a response that complies with the Local or Federal Rules of

Civil Procedure.

## I. Applicable Standards

### A. Rule 12(b)(2)

CIGNA has moved for dismissal of the Complaint in its entirety with prejudice as it applies to CIGNA. Moving under Rule 12(b)(2), CIGNA contends that this court lacks personal jurisdiction over it inasmuch as it is a holding company, does no business in North Carolina, and is not an insurance company as plaintiff has alleged.

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakker, at 676. Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id. Here, plaintiff has not satisfied its burden in that it has made absolutely no showing.

**B.     Rule 12(b)(6)**

LINA has moved for partial dismissal of the Complaint, with its motion limited to plaintiff's claim of a breach of fiduciary duty.   Plaintiff has in no manner, late or otherwise, responded to such motion as provided by the Local Rules.  Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding.  Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable.  On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against

–3–

defendant. This requirement serves to prevent costly discovery on claims with
no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted).  In addition, a court cannot "accept

as true allegations that contradict matters properly subject to judicial notice or by exhibit."

Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations

omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as

true the facts alleged by plaintiff in the complaint and will view them in a light most

favorable to plaintiff.

## II.    Discussion

In light of plaintiff's failure to properly respond, the court will only engage in a brief

discussion of the merits of each motion.

### A.    CIGNA's Motion to Dismiss: Lack of Personal Jurisdiction

CIGNA contends that the action against it should be dismissed because such holding

company does not have the requisite minimum contacts with the State of North Carolina that would

justify the exercise of personal jurisdiction.  At the constitutional level, whether or not to exercise

jurisdiction over a defendant is a question of fairness.  International Shoe Co. v. Washington, 326

U.S. 310, 317-20 (1945).  However, determining what is fair requires review of the quantity and

quality of the defendant's contacts with the forum state.  Perkins v. Benquet Mining Co., 342 U.S.

4376 (1952).   Constitutional concerns only arise where jurisdiction is allowed pursuant to a state's

long-arm statute.  As the Court of Appeals for the Fourth Circuit has stated:

> [W]hen evaluating the propriety of jurisdiction obtained pursuant to a long-arm
> statute, a two-step analysis is normally required.  First, we must determine whether
> the statutory language applies to the defendant; second, if the statutory language
> applies, we must determine whether the statutory assertion of jurisdiction is
> consistent with the due process clause of the Constitution.

English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990) (citation omitted).

On the corporate level, in determining what contacts suffice, the court may consider contacts

which constitute "continuous and systematic corporate activities," or other activities, which relate

to the causes of action plaintiffs seek to enforce. Where the corporation has had only limited contacts with the forum state, jurisdiction has not been exercised when those contacts were not "purposeful, systematic or significant enough to warrant the exercise of jurisdiction." Wolf v. Richmond Co. Hosp. Auth., 745 F.2d 904 (4th Cir.), cert. denied, 474 U.S. 826 (1984).

In this case, CIGNA has shown through affidavit that it is merely a holding company, holding the stock of other corporations, that it is not an insurance company, and does not sell any product or service to the public. See Affidavit of Frank Barlow. CIGNA is a Delaware Corporation with its principal place of business in Pennsylvania, and avers that it has no contacts with or in the State of North Carolina. Id. CIGNA maintains no offices and owns no property within North Carolina, and has entered into no contracts with plaintiff or plaintiff's decedent. Id. Finding that CIGNA has no contacts with the forum state and that no showing has been made that CIGNA has had any contacts which relate to causes of action alleged by plaintiff, the undersigned will respectfully recommend that CIGNA's Motion to Dismiss be granted and that this action be dismissed with prejudice as to such defendant.

Even if plaintiff's untimely response is considered, plaintiff has failed to show minimum contacts of this corporation. Further, plaintiff has failed to cite the court to any authority for the proposition that use of the trade name CIGNA by a subsidiary such as LINA somehow subjects the parent corporation to the jurisdiction of this court. Plaintiff argues that LINA used the trade name CIGNA in certain written material, but points out that CIGNA would probably argue that such documents "in very small print . . . declares that 'CIGNA' and 'CIGNA Group Insurance' are 'registered service marks' and that they 'refer to various operating subsidiaries of CIGNA Corporation'." That is, however, precisely the point, which was addressed by the Court of Appeals for the Tenth Circuit:

> Tomlinson also argued that Oklahoma may assert general jurisdiction over defendants because the H&R Block website indicates that H&R Block, Inc., serves over 18.7 million tax clients in the United States. She argues that the court should infer from the exhibit that some of those clients are in Oklahoma. She also contends that factual disputes should be resolved in her favor and, therefore, she has established that H&R Block, Inc., has sufficient business contacts for the court to

take jurisdiction over it.

But one of the website exhibits Tomlinson relies on clearly states that "H & R Block, Inc. is a holding company which has no employees" and that "[a]ny goods or services that may be offered for sale through this Web site or a link hereto are offered by operating subsidiaries of H & R Block, Inc., ... and not by H & R Block, Inc." Thus, it would be error to make the inference Tomlinson desires. Tomlinson failed to present "extensive and persuasive" evidence that either defendant has the sufficiently "continuous and systematic" contacts necessary to establish general jurisdiction under Oklahoma law. Under these circumstances, the district court properly granted the motion to dismiss.

Tomlinson v. H&R Block, Inc., 151 Fed.Appx. 655, 659 (10ᵗʰ Cir. 2005)(citations omitted).  A subsidiary's use of a valuable trade name, such as "CIGNA" or "H&R Block", does not in and of itself establish "continuous and systematic contacts" with the forum state by the parent or holding company which owns such mark.  Wolf, supra.

**B.**   **LINA's Motion to Dismiss: Failure to State a Claim for Breach of Fiduciary Duty**

LINA has moved to dismiss plaintiff's claim of breach of fiduciary duty.  Plaintiff alleges in her Complaint that she was a participant in an employee welfare benefit plan sponsored by Blue Ridge Health Care System, Inc.  Allegedly, the plan offered long term disability benefits to employees through an insurance policy issued by LINA.  Complaint, at ¶ 5.  Inasmuch as such plan is patently an employee welfare benefit plan, plaintiff's claims are governed by the Employee Retirement Income Security Act ("ERISA).

Plaintiff has asserted two claims under ERISA: the first cause of action is for benefits under Section 502(a)(1)(B) of the act; the second claim is for equitable relief under Section 502(a)(3).  LINA contends that because plaintiff has a claim for benefits under Section 502(a)(1)(B), she can have no claim under 502(a)(3).  The undersigned agrees.  The district court has long held that where

a plaintiff seeks a remedy for the wrongful denial of benefits under ERISA, §

502(a)(1)(B) provides that remedy, and she may not pursue a claim for breach

– 6 –

of fiduciary duty under § 502(a)(3) related to the alleged wrongful denial of benefits, either in addition to a claim for benefits or as her sole remedy.

Hoyle v. Liberty Assur. Co. of Boston, Inc., 291 F.Supp.2d 414, 417 (W.D.N.C. 2003). Finding that LINA's motion is supported by current law, the undersigned will recommend that plaintiff's second cause of action be dismissed in accordance with Rule 12(b)(6).

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)     defendant Life Insurance Company of North America's Partial Motion to Dismiss (#17) be **ALLOWED**, and that plaintiff's second cause of action be **DISMISSED** in accordance with Rule 12(b)(6) for failure to state a cause of action; and

(2)     defendant CIGNA Corporation's Motion to Dismiss Pursuant to Rule of Civil Procedure 12(b)(2) (#19) be **ALLOWED**, and that the Complaint as to CIGNA be **DISMISSED** with prejudice, all in accordance with Rule 12(b)(2).

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: January 19, 2006**

Dennis L. Howell
United States Magistrate Judge